**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 22 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ALBERTO OJEDA GARCIA, | No. 22-1714 |
| Petitioner, | Agency No. A077-178-454 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 14, 2023**

Before:    SILVERMAN, WARDLAW, and TALLMAN, Circuit Judges.

Jose Alberto Ojeda Garcia, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

remand and dismissing his appeal from an immigration judge's ("IJ") decision

denying his applications for withholding of removal and protection under the

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C.

§ 1252.  We review de novo questions of law.  *Mohammed v. Gonzales*, 400 F.3d

785, 791-92 (9th Cir. 2005).  We review for substantial evidence the agency's

factual findings.  *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).

We review for abuse of discretion the BIA's denial of a motion to remand.

*Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005).  We deny the petition

for review.

The BIA did not err in concluding that Ojeda Garcia waived challenge to the

IJ's dispositive determination that his proposed particular social group is not

cognizable.  *See Alanniz v. Barr*, 924 F.3d 1061, 1068-69 (9th Cir. 2019) (no error

in BIA's waiver determination).  Thus, his withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT protection

because Ojeda Garcia failed to show it is more likely than not he will be tortured

by or with the consent or acquiescence of the government if returned to Mexico.

*See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) ("torture must

be 'inflicted by or at the instigation of or with the consent or acquiescence of a

public official or other person acting in an official capacity'" (internal citation

omitted)).  To the extent Ojeda Garcia contends the agency failed to consider

evidence regarding the requisite action by or with the consent or acquiescence of a

public official, the contention is not supported by the record.  *See Najmabadi v.*

*Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention).  Because failure to establish the requisite state action is dispositive as to CAT protection, the BIA did not abuse its discretion in denying the motion to remand his CAT application.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**